Dear Mr. Amedee:
This office is in receipt of your request for an opinion of the Attorney General in regard to property management by the Division of Administration over the Judicial Expense Fund for the Orleans Parish Civil District Court. This office rendered an opinion in 1976, Atty. Gen. Op. No. 76-1340, wherein it was found that R.S.39:4B as amended by Act 458 of 1958 was in conflict with R.S.39:331 as amended by Act 115 of 1964, being on the same subject. It was concluded under established statutory interpretation when there are conflicting statutes on the same subject, the latest expression of the legislature shall prevail, and it was found that the exemption of the judiciary in R.S. 39:4(B) was repealed by Act 115 of 1964 in the amendment of R.S. 39:331 by specifically providing that the State's Property Control Statutes shall apply to all branches or departments of state government. You request this opinion be reviewed on the basis of the present legislative status, pointing out that R.S. 39:4 was amended in 1989.
Chapter I of Title 39, Public Finances, is entitled "Division of Administration". Part I of this Chapter is "Division of Administration: Organization" wherein the Division of Administration is created as a division of the office of the governor with the "powers and functions as hereinafter set forth and as may be further provided by law", R.S. 39:1. The administrative functions of the division are provided for in R.S. 39:4(A) but Paragraph B thereof states as follows:
 The provisions of this Chapter shall not apply to the judiciary of the state, except the office of the Attorney General to which they shall apply, nor to the Legislature.
Part IX of this Chapter is entitled "Property Control" and includes therein the requirement that the head of each agency shall designate a property manager for the agency, R.S. 39:322; that there be identification of movable property, R.S. 39:323; that there be an annual property inventory, R.S. 39:324; and that there be an annual audit of each agency's records and property, R.S. 39:326. Additionally, R.S. 39:331 states as follows:
 The provisions of this Part shall apply to the executive, legislative and judicial branches of state government.
Thus, there exists a conflict wherein R.S. 39:4 sets forth that the provisions of the Chapter shall not apply to the judiciary, but R.S. 39:331 which is in that Chapter provides that the provisions of that Part shall apply to the judiciary. We do not see how this can be reconciled.
Following the reasoning of the earlier opinion of this office, Atty. Gen. Op. No. 76-1340, we would have to conclude that R.S.39:4 must prevail as the latest expression of the legislature by the amendment to R.S. 39:4 by Act 836 of 1989. Parts I, II, III, and IV, of Chapter 1 of Sub Title 1 of Title 39 were amended and reenacted by the Act. Moreover, we especially note that Act 836
of 1989 included the following:
 In the event of any conflict between the provisions of this Act and those of any other Act adopted by the legislature at the 1989 Regular Session of the Legislature, regardless of which Act is adopted later or signed later by the governor, the provisions of this Act shall control and prevail.
We conclude it must also prevail over conflicting acts of prior sessions.
Therefore, as stated in R.S. 39:4(B) as amended in 1989, the provisions of the Chapter relative to the Division of Administration "shall not apply to the judiciary of the State". Until further amendment this must be accepted as the latest expression of the Legislature on the subject.
While the conclusion in this opinion is in conflict with the results in Atty. Gen. Op. Nos. 76-1340 and 87-704, the latter opinion having placed reliance upon 76-1340, the theory of law applied is the same. Subsequent amendments to the statutes in conflict have reversed which statute is the last expression of the legislature.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR